```
                    CLERK'S OFFICE U.S. DIST COURT
                           AT ROANOKE, VA
                              FILED
                           MAR 30 2006
                    JOHN F CORCORAN, CLERK
                    BY
                           DEPUTY CLERK
```

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| PETER ODIGHIZUWA, ) | |
|     Plaintiff, ) | Civil Action No. 7:06CV00168 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| DR. WILLIAMS, et al., ) | By Hon. Glen E. Conrad |
|     Defendant. ) | United States District Judge |

The plaintiff, Peter Odighizuwa, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983 against Red Onion State Prison and two physicians at the prison, Dr. Williams and Dr. Ohia. The plaintiff alleges that he has been deprived of adequate medical treatment. However, having reviewed the complaint, the court concludes that the plaintiff has failed to state a claim upon which relief may be granted. Therefore, the court will dismiss the complaint pursuant to 28 U.S.C. § 1915A(b)(1).[1]

## Background

The plaintiff alleges that he was assaulted by correctional officers on December 5, 2004, and that his left ear has been ringing constantly since the assault.[2] On January 12, 2005, the plaintiff was examined by Dr. Williams. During the examination, the plaintiff advised the doctor about the ringing sensation in his left ear. The plaintiff alleges that Dr. Williams wanted him to continue taking Motrin. However, the plaintiff objected to this suggestion. Therefore, Dr. Williams prescribed an anti-inflammatory medication. According to the plaintiff, Dr. Williams opined that the nerve leading to the plaintiff's ear might be inflamed and that the constant

---

[1] This statute provides that the court shall dismiss a complaint as soon as practicable if the court determines that it is frivolous, malicious, or fails state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1).

[2] The court notes that the plaintiff does not expressly raise a separate claim regarding the assault.

ringing might be permanent. The plaintiff alleges that Dr. Williams did not refer the plaintiff to an ear specialist. Instead, he referred the plaintiff to a psychiatrist.

On January 25, 2005, the plaintiff was examined by two psychiatrists, Dr. Ansah and Dr. Taylor. The plaintiff alleges that the psychiatrists increased his anti-psychotic medication. However, they did not examine his ear or refer him to an ear specialist.

The plaintiff saw Dr. Williams again on March 9, 2005. The plaintiff told the doctor that his ear was still ringing. The plaintiff alleges that Dr. Williams did not recommend further treatment or refer him to an ear specialist.

On January 25, 2006, the plaintiff was examined by Dr. Ohia. The plaintiff alleges that he asked Dr. Ohia to either prescribe a different medication or refer him to an ear specialist. However, Dr. Ohia determined that no further treatment was required.

## Discussion

In order to state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that such deprivation is a result of conduct committed by a person[3] acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). It is well settled that a prison official may violate an inmate's Eighth Amendment right to be free from cruel and unusual punishment, if the official shows a deliberate indifference to the inmate's serious illness or injury. Estelle v. Gamble, 429 U.S. 97, 102 (1976). The test for deliberate indifference involves both an objective and a subjective component. The alleged deprivation must be, objectively, "sufficiently serious," and the prison

---

[3]The court notes that the plaintiff named Red Onion State Prison as a defendant. However, because the prison is not a "person" amenable to suit under § 1983, any claims against the prison must be dismissed. See Will v. Michigan Dept of State Police, 491 U.S. 58, 71 (1989).

official must know of and disregard an excessive risk to inmate health or safety. Farmer v. Brennan, 511 U.S. 825, 834-837 (1994). "Disagreements between an inmate and a physician over the inmate's proper medical care do not state a § 1983 claim unless exceptional circumstances are alleged." Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). Likewise, questions of medical judgment are not subject to judicial review. Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975). Moreover, mere malpractice does not state a federal claim, Estelle, 429 U.S. at 105-106, nor does mere negligence in diagnosis. Sosebee v. Murphy, 797 F.2d 179 (4th Cir. 1986).

Applying these principles, the court concludes that the plaintiff's allegations fail to state a claim upon which relief may be granted. The plaintiff indicates that he was examined by physicians on four separate occasions. The plaintiff was prescribed an anti-inflammatory medication for the ringing in his ear, and his anti-psychotic medication was increased. Both Dr. Williams and Dr. Ohia determined that the plaintiff did not need to see an ear specialist. Although the plaintiff may disagree with the physicians' assessment, such disagreements fail to state a claim for deliberate indifference. Even assuming that the physicians acted negligently in diagnosing or treating the plaintiff's problem, neither negligence nor malpractice is actionable under § 1983. To the extent that the plaintiff's complaint could be construed to allege a state tort action, the court notes that there is no independent basis for the exercise of this court's jurisdiction.

## Conclusion

For the reasons stated, the court concludes that the plaintiff's complaint must be dismissed for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §

3

1915A(b)(1).[4]  The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the plaintiff and counsel of record for the defendant.

**ENTER:** This  30th  day of March, 2006.

                                                                /s/ Jack Conrad
                                                   United States District Judge

---

[4] Having reached this conclusion, the plaintiff's motion to proceed in forma pauperis and the plaintiff's motion for appointment of counsel will be dismissed as moot.

4